Good morning, everyone. And the first case on the call this morning is case number 123222, A&R Janitorial v. Pepper Construction, agenda number 4. Council, if you're ready, please proceed. May it please the Court. Julie Tischer and Michael Muthart on behalf of the defendant, Pepper Construction Co. Teresa Morazco's lawsuit against Pepper Construction Co. was dismissed as untimely in 2016. No appeal was taken from that order. It was a final order, an adjudication on the merits from which no appeal was taken. That order extinguished any claim that Ms. Morazco had against Pepper for the cause of action that occurred in 2012. But four years after that occurrence, and two months after her case was dismissed on the merits, Ms. Morazco tried to sue Pepper again by intervening into an employer's segregation action for the same cause of action against the same defendant. Race judicata prohibits that. The appellate court reversed the circuit court's decision for two reasons. First, the appellate court said that race judicata didn't apply to our A&R's segregation action. But the circuit court's order did not bar A&R's segregation action. It denied Ms. Morazco's petition to intervene. And we know that. The segregation action continued as against Pepper and Perez. So the appellate court had an essential misunderstanding. That circuit court order didn't bar A&R's segregation action. It denied Ms. Morazco's petition to intervene. The appellate court also reversed the circuit court's decision by finding that the circuit court abused its discretion by failing to consider the provisions of the intervention statute, a statute that Ms. Morazco never asked the circuit court to consider. The appellate court's decision runs contrary to this court's precedent on race judicata and violates this court's edicts about the principle of party presentation and judicial autonomy. As to race judicata, Ms. Morazco's personal injury action against Pepper was dismissed as untimely back in 2016. That was an adjudication on the merits. There's no legitimate dispute about that. Supreme Court Rule 273 tells us that, and this court in Rye stated that a dismissal based upon a statute of limitations is an adjudication for the merits, adjudication on the merits for the purposes of race judicata. That's been the law in this state for over 20 years. Ms. Morazco, if, I'm sorry, if Ms. Morazco had never filed a personal injury action, would she have been allowed to intervene in her employer's segregation case? That would have depended on when she tried to and on what basis. But, Your Honor, I don't think we need to reach that because she made the fatal mistake of first filing an untimely personal injury action. That's devastating to her in this case. So, we've got an adjudication on the merits in 2016, and what did Ms. Morazco do? Two months after that adjudication on the merits, she tried to intervene in her employer's segregation action for the same occurrence, against the same defendant, for a second time. And Pepper opposed her intervention on the basis of race judicata and the expiration of the statute of limitations. And the circuit court denied Ms. Morazco's attempt to intervene on the basis of race judicata. The court found, correctly, that Pepper had satisfied all three elements of race judicata. Ms. Morazco was the same person suing the same defendant, Pepper, for the same cause of action. And the circuit court's order denying her petition to intervene fulfilled the policy goals behind the doctrine of race judicata. And sue a defendant once for the cause of action, but once that defendant prevails on the merits, the case is over. Ms. Morazco filed a personal injury action. Pepper hired an attorney. Pepper defeated that action. Obtained an adjudication on the merits. The law says that Ms. Morazco can't do that a second time. Did the circuit court abuse its discretion in denying Ms. Morazco's petition to intervene? And the answer to that is no. And an abuse of discretion occurs when no other court would reach the same decision that the circuit court did. And we know that's not the case here, because the circuit court and the appellate court in Sankey reached the same decision that the circuit court reached here. In Sankey, just like here, the employee, after filing an untimely personal injury action, attempted to intervene in her employer's separation lawsuit. And the circuit court and the appellate court in Sankey said, you can't do that. And the reason they said that was because the plaintiff had already tried to file her own personal injury action, the case was dismissed, and her attempt to intervene was barred by race judicata and the statute of limitations. And that once that employee's personal injury action was dismissed on the merits, she no longer had an interest in the separation case. That was the basis of the Sankey decision. Once that employee gave up her right to file her injury suit by filing it in an untimely manner, she no longer had an interest in the separation suit. That was the basis of the Sankey decision, and the same thing was true here. Once Ms. Marasco's prior counsel elected to file an untimely personal injury action that was dismissed, she then lost any interest in the separation case. Her rights were extinguished at that point in time. If two months after Ms. Marasco's personal injury action was dismissed, she had just tried to refile another personal injury lawsuit against Pepper, she couldn't have done so. Race judicata would have prevented that. And the fact that she's trying to file that personal injury action under cover of the separation case shouldn't change the result. Ms. Marasco had her opportunity to sue Pepper. Her inability to do so resulted from her first counsel's failure to timely file that action. And the fortuitous existence of the separation case doesn't change that fact. And the Workers' Compensation Act doesn't provide an injured employee with the means of extending the statute of limitations. It's not what the Workers' Compensation Act does. The Workers' Compensation Act is designed to protect an employer when an employee fails to file a personal injury action. And it's never been interpreted as extending the statute of limitations for an injured employee. In preparing for today, I actually shepherdized the appellate court's decision in A&R Janitorial. And it's already being utilized for this proposition. An employee who fails to bring a timely personal injury action may avoid the bar of the statute of limitations by intervening in her employer's separation action. That's not the law. You can't work around the statute of limitations by trying to intervene into a subrogation action filed by your employer. The Sankey analysis is sound. The decision rightly prevented a plaintiff from suing the same defendant twice. And it fulfilled the policy considerations behind the doctrine of res judicata. Despite the remarkable factual similarities in the Sankey decision in this case, Ms. Marasko didn't take issue with the Sankey decision in the circuit court or the appellate court. Never mentioned it. Never criticized the decision and never tried to distinguish it. And for good reason. Because it can't be distinguished. Even though Ms. Marasko didn't try to do so, the appellate court took on the task of trying to distinguish Sankey. But the appellate court's distinction of Sankey doesn't hold up under scrutiny. The appellate court said, well, Ms. Marasko has an interest in the separation action here because the employer is seeking more than compensation benefits. That reasoning is faulty for several reasons. First of all, every employer has the ability to seek recovery in their separation case in excess of compensation benefits paid. They usually do. They're concerned about a reduction for the contributory negligence of the employee. So they would ask for more than the compensation benefits paid. But beyond that, neither Ms. Marasko nor the employee in Sankey had an interest in the separation action once their personal injury actions were dismissed as untimely. And that was the basis for the Sankey court's determination. Not that the prayer for relief in the separation action was any different than it is in our case. But it was based upon the reasoning that the employee no longer had an interest once she filed an untimely personal injury. And Ms. Marasko had no interest for the same reason. With no legal authority in her corner, Ms. Marasko argues it would be unfair, inequitable, and unjust to have denied her petition to intervene. But there are two problems with that argument. The first is, if Ms. Marasko doesn't have an ability to pursue her personal injury damages, it's because her first counsel failed to file her timely action. She had two years after this occurrence to file a timely personal injury action. And she didn't. That's not because of any inequitable application raised to Dakota. That's because her attorney failed to timely file. And she has a remedy for that. A remedy that she is currently pursuing. In which she says, my inability to recover from my personal injury damages resulted from my attorney's failure to timely file my action. She's right. That's her remedy. Not the second lawsuit against Pepper. Second, if the issue is fairness, then we have to talk about fairness with regard to Pepper. Pepper hired counsel to defend Ms. Marasko's personal injury action. Counsel filed a motion to dismiss, took depositions, argued in court, circuit court, after reviewing the arguments before it granted the motion to dismiss. That was two years ago. Since that time, Pepper has had to respond to her attempt to intervene, argue in the appellate court, and now appear here today after filing a petition and two additional briefs. Two years of costly litigation for Pepper. After Pepper had obtained a dismissal in the merits against this second plaintiff. Meanwhile, Ms. Marasko is receiving compensation benefits. She's pursuing a new malpractice action that will give her an opportunity to recover the full measure of her damages. Pepper has no such option. And if remanded, and the appellate court's decision stands, the only remaining claim in the circuit court will be Ms. Marasko's action against Pepper in corrects. That's all that will be left of this case. And that's the same claim that Pepper dismissed in 2016. Equity does not lie on Ms. Marasko's side. In rejecting Reese Giudicata as a basis to deny Ms. Marasko's intervention, the appellate court conflated A&R's segregation action with Ms. Marasko's personal injury action. The court said, the appellate court said, we can't bar A&R's segregation claim because they weren't a party to Ms. Marasko's personal injury action. But the circuit court did not bar A&R's segregation action. We know that. That case continued and was settled and resolved as between A&R and Pepper. Reese Giudicata was designed to prevent exactly what occurred here. She sued and she lost, and that should have been it as between Ms. Marasko and Pepper. And the answer does not change because her employer filed a lawsuit. The appellate court also reversed the circuit court's order because it believed the circuit court abused its discretion by failing to consider the provisions of the intervention statute. There's a little bit of irony here. The appellate court gave Ms. Marasko a complete pass for not mentioning the intervention statute, either in the circuit court or in the appellate court. And Ms. Marasko likely didn't mention it because she knew that her ability to intervene rose and fell with the Reese Giudicata analysis. But while giving Ms. Marasko a pass for failing to mention it, the appellate court then indicted the circuit court for an abuse of discretion by failing to consider an argument that Ms. Marasko didn't make. And that's not fair. Ms. Marasko says, Well, the failure to raise the intervention statute doesn't matter. Pepper can address it when we go back to the circuit court. But that misses the point. We shouldn't have to go back to the circuit court to now have Pepper and the circuit court consider an argument that could and should have been made the first time around. The appellate court has essentially said, Well, you didn't make that argument, but we'll make it for you. Now go back and talk to the circuit court about it. But that choice of the appellate courts deals a significant blow to the principles of party presentation and judicial economy and for whose benefit? The party who didn't make the argument. And at whose price? The defendant, Pepper, who's been involved in this costly litigation for two years more than it should have been. And the circuit court, who would now be asked to consider arguments that were never made even though it issued a decision based on arguments that were made before. The collateral damage resulting from the reversal of a circuit court's decision based on forfeited arguments is exposed in this case. Ms. Morosco gets a do-over. The proceedings in the circuit court were a complete waste of time. The party who failed to make the argument gets to try again. And the defendant who defeated this claim two years ago would have to defend Ms. Morosco's claim against it for a third time. It is not the job of the reviewing courts to search for reasons to reverse a circuit court's decision. Finally, the court has to consider the jurisdictional concern raised by the appellate court's decision. The appellate court was operating under the limited jurisdiction conferred by Supreme Court Rule 304A. The December 20, 2016 order denying the petition went up to the appellate court on a 304A finding. That's where jurisdiction stopped. Yet the appellate court went beyond that and vacated the September 22, 2017 order which dismissed the subrogation action that was still pending between A&R and Pepper pursuant to Settle. So we've got jurisdiction in this appeal ending as of 2016. The subrogation action continues against Pepper and Perez and is settled and dismissed in September of 2017. The appellate court didn't have jurisdiction over that September of 2017 order. No appeal was taken from that order. But despite that, the appellate court's decision vacates that September 22, 2017 order. It did not have jurisdiction to do so. Ms. Marosco has a remedy. It is just not a third like the Pepper construction order. Pepper requests that this court affirm the circuit court's decision and reverse the decision of the appellate court. Thank you. May it please the court, counsel. My name is Doug Kang. I represent the plaintiff in the statutory subrogation matter, A&R Janitorial. First off, I want to state that I agree with Ms. Fucher's argument in position that this court should reverse the appellate court decision. But the issue that I would like to address today is the issue of control. Should we end up back before the circuit court? So I want to be clear that I don't believe this court reaches that issue because this court should reverse the appellate court decision. But if the appellate court decision does stand and we end up back before the circuit court, I want to address the issue of control. Which party would control this statutory subrogation matter? Because Marosco is not only asking to intervene in this action, but she's asking to take control and amend the complaint that A&R Janitorial filed. So in addressing the issue of control, I think it's important. Before you get there, Mr. Kane, I'm just curious. Is it true that any recovery that, and I guess it's been settled, right? Is that what Ms. Fucher said? That's correct. The underlying case has settled. Okay. But any recovery that A&R obtained from Peppers and Perez over and above what A&R paid out for the work and the comp claim and certain expenses, would that, regardless of intervention, would that have to be remitted to Marosco? That is correct, regardless of whether she's allowed to intervene. She is entitled to any excess recovery over the workers' compensation lien, the attorney fees, and costs. Now, in this case, the underlying case has settled, but because Marosco has continued these proceedings, we're unable to calculate whether there has been a payment in excess. We don't know at this point. In the underlying workers' compensation matter, it's still pending as well. So we are unable to determine whether there's an excess in this case. Marosco is alleging a permanent total disability, so the recovery that A&R has obtained in this matter may not exceed the workers' compensation. So there may not be an excess in this case. That's undetermined at this point, but, Your Honor, you are correct. All right. Thank you. Mr. Keene, with regard to that, if she's allowed to intervene in the subrogation action and also obtains relief through her malpractice action, will she be receiving a double recovery? Yes, I think she would be. I think that it is possible that she could be receiving a double recovery if she's allowed to. To do both. Correct. If she's allowed to intervene and take control of the proceedings, then that could be recovery in excess, but, yeah, double recovery based upon recovery in both actions. I think that is correct, Your Honor. So now, in addressing the issue of control, I think it's important to stress that this is a statutory subrogation matter. My client, A&R, is the plaintiff. Marashko is not the plaintiff and has never been the plaintiff. What happened here is A&R, pursuant to Section 5B of the Workers' Compensation Act, stepped into Marashko's shoes when she chose to not file suit. The injured employee is allowed, well, there's a two-year statute of limitations, generally in these types of cases, but the employer may step into the injured party's shoes and file a subrogation action in the last 90 days. So Marashko had a 21-month head start or ability to file this suit. She chose not to file this suit, so A&R stepped into her shoes. The action transfers to A&R, and A&R filed that action, I believe, in the last week. So she really had 23 months to do this, but she chose not to. The right to intervene in a lawsuit, is that subject to the statute of limitations? Well, I believe it could be. The intervention statute does require a timely petition to be filed, so I think there is a limitations period. The intervention petition? Correct. Yes, okay. The intervention statute does require a timely intervention petition to be filed, so there is a limitation period, and the injured employee must be timely, and I don't believe she was timely in this matter here. So I think in determining the issue of control, we look at the underlying facts. A&R time to file a suit, Marashko did not time to file a suit, the statute of limitations passed, then Marashko filed a suit. That was dismissed. No appeal was taken. So we're left with A&R the plaintiff, the party that timely filed, and prosecuted this action for three or four years. Should they maintain control, or should the party that slept on their rights didn't file timely, waited until after the statute of limitations passed, had the complaint dismissed, and failed to appeal, and then delayed it by filing a petition to intervene? So I think it's pretty clear that A&R here should maintain control of this action, and the case law is on A&R's side. I have cited the Mellon first district decision, the Woodward fifth district decision, the Ehrman second district decision, and the Nisquartz decision of Joseph Schlitz, all of which support A&R's position that the filing party maintains control. We know from this court's decision in Schlitz that the right of the employer to sue a third-party court feeser is not a new cause of action created by the Workers' Compensation Act, but is the employee's right taken from her and transferred to the employer. And second, we know from that that what the employer is actually filing is the same suit that the employee could have filed, but they chose not to do so. So here we've got Marashko losing control of this lawsuit, not because the petition to intervene was denied,  and I think that's important to note. Her damages, her loss, was when she failed to file a suit, not the denial of the petition to intervene. That didn't cause her the damage here. It's when her complaint was dismissed and she didn't appeal it. That's when she lost control, and A&R maintains control because they timely filed it. And Marashko cites no authority contrary to our position. In fact, if you look at the case laws cited by Marashko, it actually stands for the proposition that the filing authority maintains control. Of course, the cases cited, those are cases where the employee filed. So that would make sense. The employee or employer, whoever files first, maintains control of the action. So I request that this court reverse the appellate court decision, but if the appellate court decision stands, I ask that A&R maintain control of the action. In the last couple of minutes that I have, there is a second related issue where Marashko has argued that my firm and myself should be disqualified from representing the plaintiff. Now, this is a related issue. Marashko doesn't have control. This isn't her case. She can't make that argument. First, she never raised this issue until the briefs. She didn't raise this issue in front of the appellate court. She raised it in the briefs with this court, so I believe that the argument is worth it. But second, the argument simply doesn't make any sense. She's not the plaintiff. A&R is the plaintiff. I represent A&R. A&R has chosen me as counsel, so I will continue. Well, I believe the case should be settled, but if the case should end up back before the circuit court, I would continue with that representation. Marashko has no standing or ability to say who represents A&R. She also argues that there's some inconsistency or conflict involved in the representation, but that's simply not true. She cites no case law to support that position. So, in conclusion, I would ask that this court reverse the appellate court decision, but should the appellate court decision stand, that A&R be in control. Thank you. Thank you, Mr. Payne. Elliot Schiff on behalf of Teresa Marashko. I'm late to this case from the other parties. I did come in after the 2015L case was dismissed. Let me address one thought before we get further. That is that I look to see where we all agree on something, and I find it at page 5 of the reply brief of Pepper Construction Company, which says in the reply, Pepper has not argued on appeal that A&R is barred from seeking monies in excess of its subrogation lien. Now, that's something that I agree with, and that's something that A&R agrees with, that they are entitled to seek monies in excess of the subrogation lien. And if you look at their settlement contract with A&R and Pepper, at page 22 of the appendix to my brief is the contract, what they said here was A&R is paying $850,000 because they may pay out more than $850,000 in work comp benefits in connection with the workman's compensation claim. So to answer the first question that's been raised, maybe not the first question, was could there be a double recovery with the legal malpractice case? No, there cannot be a double recovery because the legal malpractice case, and full disclosure, yes, I'm the attorney who prosecuted, who filed the complaint for legal malpractice, if this case gets remanded to the trial court as the appellate court has so ordered, there will be a potential trial of the case not of the subrogation interest, but of Teresa Marasco's rights, which according to the circuit court were terminated, but the appellate court from which no argument has been made, we're entitled to recover those monies, and therefore the legal malpractice case becomes dismissed, moot, because you cannot pursue a legal malpractice case unless you've had damages, and if you're entitled to recover here against Pepper Construction Company, then the legal malpractice case is nonexistent. So there can be no double recovery. This important part here, though, when A&R amended its complaint, they sought to add additional damages. Those damages are what we call non-economic damages, pain and suffering, loss of enjoyment of life. These are not elements of subrogation. The trial court heard an argument from Pepper Construction Company. Pepper comes in and says, you cannot allow A&R to pursue this type of cause of action. That is barred by the res judicata principle. A&R said, no, no, no. We're not barred from collecting those monies in excess of the subrogation. We have a right to pursue them. We weren't a party to the case that was pending in the 2015 L case. We weren't joined. The appellate court made note of that. We're not joined. So A&R says, no, I'm sorry, Pepper, we're allowed to proceed with that, and we're going to proceed with that. Well, we wanted to intervene because we thought A&R's interests here weren't particularly one that would protect Teresa Marosco. So when the circuit court made that decision, the circuit court said, I agree with A&R. They can pursue those damages in excess of their subrogation rights. Was there any appeal taken from that? No. That decision stands today. It's never been attacked. Mr. Schiff, why don't you take solace in the fact that the excess damages would be your clients at the end of the day? One more time. Thanks. Why wouldn't you take solace in the fact that if we agree with opposing counsel that res judicata principles apply, why wouldn't you take solace in the fact that A&R has a portion of their claim that would be in excess of what they're entitled to that would go to your client? But what A&R is saying in their contract with Pepper is that $850,000 is our money for the end, because we believe, according to the contract, between the two parties, two competent law firms, came to the conclusion that $850,000 is just the workman's compensation. And I believe, and the reason why we've pursued this, is that her damages are way in excess of $850,000. That doesn't come anywhere near her damages. She's a permanent and totally disabled woman. So I don't get any solace out of the fact that they've settled the case without my ability to protect her. And that's why I was trying to intervene. I said, how is it that A&R can come in here and say, we can adequately represent Teresa Marasco's interest in pursuing damages in excess of this, and yet the same law firm, the very same law firm, is fighting in the workman's compensation in the industrial commission, saying her injuries aren't that bad. And they're introducing evidence of doctors that say she can recover. She doesn't need surgery. Those are all valid arguments, but aren't they somewhat of a red herring in this case as to whether or not res judicata principles apply to your initial claim being defeated by the statute of limitations? I mean, it seems like we're down a different road, because A&R here is talking about control, and you're saying they don't really represent our interests. But if you're out for statute of limitations, then what's wrong with Ms. Tuescher's argument that says your remedy is legal malpractice? Well, it's a valid point that you raise. Okay. My answer to that is simply that the circuit court has ruled that A&R can proceed to recover those damages. And all I'm asking is, who gets to prosecute that part of the case? Because that part of the case, A&R's right to pursue it in excess, which they have not done. They settled, and for obvious reasons, we weren't part of that settlement. We didn't get contacted. Those monies weren't turned over to reason. Well, again, it seems like if res judicata applies, and you're out of the box with respect to intervention, your remedy is a legal malpractice case, and presumably on the double recovery issue the damages would be mitigated by whatever recovery you did get in the A&R case. If this court reverses the appellate court, yes, my remedy is the legal malpractice case. You are absolutely correct. My point, though, is that A&R has been found to have that right, and it's not res judicata as to A&R. So can A&R now file or continue on in this lawsuit if this court says, well, I'm going to let the intervention statute to answer other questions? There's no statute of limitations.  That's been returned to the trial court to determine, well, is it timely? Should you have moved in earlier? And we can address that in the circuit court. But the intervention statute isn't barred by the statute of limitations. It has its own limitation. As Mr. Keene was saying, there's a timeliness issue, but that's not something that's decided here. The appellate court said, well, we'll return it down to the trial court for determination of whether or not you're timely. Okay. And that's for another day, I suppose. So, yes, on res judicata, Teresa Morosco would be barred from pursuing her own action. There's no quarrel with that argument. That saves 15 minutes of Pepper's argument here. But is A&R's right to pursue that action still alive? And remember, they took no appeal from that decision that A&R has that right. So now the question is, if it gets reversed, standing as A&R, can A&R now put forth evidence of the extent of her injuries above beyond the Subrogation Act? And Counsel, Mr. Keene says he's perfectly capable of pursuing that matter on behalf of her and protecting her interests. That might be another decision in the circuit court for determination of whether he's got a conflict. But from observation of the settlement agreement for which Teresa was not involved in, has received no money, and they agreed that they were going to pay at workman's compensation more than $850,000, and they settled for less than the $850,000. So do I think it's reasonable to conclude that they are the qualified party to pursue the A&R right that has been established for which no appeal? That's res judicata, isn't it? They had their time to say, wait a minute, they could have attacked that. The appellate court asked the question, well, what would have happened if you had added them? And this court has asked that same question. What if there had never been a 2015-L lawsuit? Honestly, I don't know why the law firm filed a separate lawsuit here. I can't answer that question. It puzzles me. But as Pepper has said, those doors have closed. The horses have left the barn. I can't disagree with that. All I'm saying is A&R, did they have a right to pursue damages in excess of their subrogation interest? The answer is yes, unequivocally. Not argued, not raised, not appealed. Everybody agrees. So now who gets to pursue that? Is that case dead? Can Pepper and A&R reach a settlement agreement and dispose of those rights? I say that Teresa should have been given the right to intervene and then protect those things. And the statute of limits and the res judicata would not apply. She's only there to protect her rights. Is your position that that right that she may have or you're claiming only comes about because A&R amended its complaint to include a claim for her? Yes. So what would your remedy be if they had not? Simply the malpractice. Well, then the Sankey case seems to be squarely on that issue. Counsel for Pepper indicated the appellate court had no jurisdiction or authority to vacate the judgment approving the settlement. What's your position on that? Well, that jurisdiction, in my view, is that they were entitled to, when I wasn't allowed to intervene and they were able to carry on, I had no opportunity to pursue the matter any further. I wasn't given that opportunity. So I think that from that perspective, it's kind of a procedural issue, not a substantive jurisdictional issue as to how it came about. If you look at the category of when things took place, they amended their complaint after the time in which I had to take an appeal from the trial court's decision requiring my intervention. I had no alternative. I had nothing I could do in that. I wasn't allowed to be participating in that. So in substance and in summary, the illegal malpractice case is not a double recovery. A&R had the right to pursue damages in excess of the subrogation interest. They settled for their subrogation interest without input from us. The circuit court said they had that right. Pepper agrees they had that right. So the only question now before the court is who gets to pursue that right or can A&R say, yeah, we have that right and we will protect you, but now we're settling out without notice to Teresa Marasco. They can call us and say, we're going to settle. And if you have any problem, let us know. So they left us out in the cold there. That's the substance of marriage. Okay, thank you. Goodbye. I think the overarching argument that counsel for Ms. Marasco is making is nobody's protecting Teresa Marasco's interests in the subrogation action. And that's an essential misunderstanding of the subrogation action. And that's the employer's action. And the reason that the Workers' Compensation Act allows an employer to do that is in the event that the employee fails to do it for herself. That gives the employer an opportunity to recover the compensation benefits that they've paid. And I also find it interesting that there's a suggestion that it was the employer's obligation to protect Ms. Marasco's interests. That was Ms. Marasco's obligation and her prior counsel's obligation. So to stand in this court now and say that the circuit court's decision denied Ms. Marasco her rights just doesn't pass the smell test. Ms. Marasco's first lawyer ruined her chances to pursue a personal injury action against Pepper. Counsel said, what if there had never been a 2015 personal injury action? But there was. And that's the point. There was a personal injury action. It was untimely. It was dismissed. It was an adjudication on the merits. We can't pretend that that didn't happen. We can't skip past the race judicata analysis and start arguing about a subrogation action that, by the way, no longer exists. That action has been settled and dismissed. Justice Thomas, you hit the nail on the head. It's a red herring. The amount of recovery in that subrogation case, the ability to control it, that's all irrelevant to the issue that we're here about today. The issue that we're here about today is did the circuit court abuse its discretion when it denied Ms. Marasco's petition to intervene after her personal injury lawsuit had been adjudicated on the merits? That wasn't an abuse of discretion. That was a correct interpretation of the law that's been in this state for 20 years. Ms. Marasco's counsel says, how is it that A&R can make its claim? Well, A&R can make its claim because it timely filed its statutory subrogation action. And it can ask for benefits beyond compensation benefits paid. That's the law. The Workers' Compensation Act says, employer, you can recover for injury to the employee. Any employer can do that. The amendment to the subrogation complaint is another red herring. It doesn't matter that A&R amended their subrogation complaint after Teresa was kicked out of the case. It doesn't matter. Every employer has the right to do that. And it still doesn't get Ms. Marasco past the race judicata hurdle. Race judicata law is devastating to Ms. Marasco's claim in this case. She can't get around it. And just because her employer filed a timely subrogation action doesn't change that analysis. It doesn't save her. It doesn't extend the statute of limitations for her. And it doesn't avoid the fact that an adjudication on the merits with regard to her action against Pepper has already been made. The speculation as to what the eventual compensation case will be worth is irrelevant. We don't know, as we stand here, whether the settlement that Pepper paid to A&R will completely reimburse A&R for the compensation benefits that it will have to pay to Ms. Marasco or whether it will exceed it. We don't know. That's pure speculation. And it doesn't matter. If Pepper paid A&R more than the compensation benefits they're going to have to pay to Ms. Marasco, Ms. Marasco will get that money. If they didn't, then A&R suffers the loss. But none of that is relevant to the issue that we're here about. Whether this litigant had the right to intervene in an action to pursue the very same claim against the very same defendant that had been adjudicated on the merits is being untimely. I'll say it again. Ms. Marasco's remedy here is not what will be a third attempt to sue Pepper for this occurrence. Pepper defeated her personal injury action. Pepper responded to her petition to intervene. And if the appellate court decision stands, we're going right back to the circuit court, and Pepper's going to have to defend Ms. Marasco's action for a third time. And that's all that will be left. We keep speaking as if the segregation action is still pending. It's not. The segregation action has been settled and dismissed, and the appellate court had no jurisdiction to vacate that dismissal order pursuant to settlement. That matters. This case went up on appeal under the limited jurisdiction of Supreme Court Rule 304A. The only order that the appellate court was charged with reviewing was the order denying her petition to intervene. The appellate court did not have jurisdiction over that later order  The appellate court can't vacate that order if it doesn't have jurisdiction. The circuit court got it right. Ms. Marasco's petition to intervene was an improper attempt to accomplish through the back door what she was unable to do through the front door. The dismissal of Ms. Marasco's untimely personal injury action sealed her fate with regard to Pepper. It extinguished her ability to bring a claim against Pepper for the 2012 appearance. Pepper defended and defeated that claim. And under the law, Pepper should not have to do that for a third time. Pepper asked that this court affirm the circuit court's order denying Ms. Thank you for your time. Thank you. Case number 123220, A&R Janitorial v. Pepper Construction will be taken under advisement as agenda number 24. Ms. Tuescher, Mr. Payne, Mr. Schiff, we thank you for your arguments this morning. You are excused.